IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| **v.** * | |
| * | **CRIM. NO. 23-CR-00169-TFM** |
| * | |
| **JOHN FITZGERALD McCARROLL, JR.,** * | |
| aka "JUVIE", aka "LJ" * | |

## PROTECTIVE ORDER

This matter is before the Court upon the United States' Consent Motion for Protective Order (the "Motion"), specifically addressing the production of discovery and the need to protect the privacy of individuals, including their personal information and identifiers. After due consideration, the Motion is **GRANTED** and the parties to this action are hereby **ORDERED** as follows:

1.  The United States shall provide documents and information to the defendant in accordance with Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the United States' general obligation to produce exculpatory and impeachment material in criminal cases, all of which is referred to herein as "disclosure material." Based on the representations made in the Motion, some of the disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the United States' ongoing investigation of uncharged individuals; (3) would risk prejudicial pretrial publicity if publicly disseminated; and (4) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Additionally, the United States asserts that some of the disclosure material may be subject to or implicate the

Privacy Act (5 U.S.C. § 552a), the Social Security Act (42 U.S.C. § 1306), and S.D. Ala. GenLR 5.2.

    2.    The United States will produce certain of the disclosure material to the defendants in unredacted or partially redacted form. Based on the representations made in the Motion, some of the disclosure material includes (1) personal identifying information of individuals (other than his or her name), such as dates of birth, social security numbers, addresses, phone numbers, email addresses, driver's license numbers, professional license numbers, family members' names, photographs, and/or criminal history information (hereinafter, "Personal Identifying Information"); (2) financial information of any individual or business, including but not limited to bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers (hereinafter, "Financial Information"); and (3) sensitive information regarding ongoing investigation of uncharged individuals. For purposes of this Protective Order, the above-referenced materials shall be referred to as "protected discovery."

    3.    To limit the dissemination of the above-described protected discovery, the parties are **ORDERED** to adhere to the following conditions:

    A.    The United States will designate any disclosure material that qualifies as protected discovery and will conspicuously label such disclosure material as "protected discovery" using Bates-labeling or through other means that provides notice to defense counsel of such designation. In the event that counsel for a defendant disagrees about the United States' designation of disclosure material as protected discovery, counsel for the objecting party and the United States shall meet and confer in an effort to resolve such dispute. However, the

United States' designation of disclosure material as protected discovery will be controlling absent contrary order of the Court.

        B.    Only defense counsel, counsel's staff, and the defendant's experts (collectively, the "defense team"), and the defendant shall have access to protected discovery. Prior to allowing these persons access to protected discovery, defense counsel will advise each person of the limitations on use and disclosure of protected discovery as dictated by this motion and subsequent protective order and will provide each such person with a copy of the protective order issued in this case. **No other persons, other than those described above, shall have access to protected discovery.**

        C.    Protected discovery will be used solely for purposes of preparing the defendant's defense in this case. The defense team may review with the defendant any disclosure material produced by the United States, but shall not provide the defendant with copies of, or permit a defendant to make copies of, or have unsupervised access to, any protected discovery unless Personal Identifying Information and Financial Information has first been entirely redacted from the disclosure material. The United States and defense counsel are ordered to work together to ensure that these materials are protected, but that the defendant has as much access to the materials as can be provided consistent with this Court's order.

        D.    Any protected discovery in this case will be stored at defense counsel's office or the office of a defense expert who, as noted, shall be subject to the same disclosure limitations.

    E. Any notes, memoranda, summaries, or other documents reflecting protected discovery or copies made of protected discovery will also be stored at defense counsel's office or at defense expert's office and will be considered protected discovery.

    F. Any document filed with the Court, including any attachment, that contains protected discovery, or a description or reproduction thereof, will be filed in redacted form or under seal pursuant to S.D. Ala. GenLR 5.2.

    G. The procedure for use of protected discovery during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider the following efforts, including redacting protected discovery to remove Personal Identifying Information, requesting the Court to submit such documents under seal, coding the documents to substitute numerical or other designation for the individual's name or other identifying information, requesting that any exhibit be placed under seal with an instruction to the jury not to disclose any information contained therein, and introducing any summary evidence where practicable that may be more easily redacted.

    H. Within 90 days of the conclusion of this matter, the defendant shall return protected discovery and all copies to counsel for the United States.

  4. The Court shall retain jurisdiction to modify this Protective Order, upon motion by any party. Until the Court rules on any such motion, no disclosure of protected discovery shall be made except in compliance with this Protective Order.

  5. This Protective Order shall survive the termination of this action.

  6. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any regulatory or law enforcement agency, or

any agency or department of the United States, or any division of any such agency or department, protected discovery documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this motion prevent or in any way limit or impair the use of any such protected discovery by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of protected discovery consistent with the terms of this or subsequent Protective Order. A copy of this Protective Order will be provided to said regulatory agency, law enforcement agency, or any division, agency or department of the United States, to ensure compliance therewith in connection with disclosure of protected discovery documents.

**DONE** and **ORDERED** this  19th  day of ~~September~~ October 2023.

P. Bradley Murray
Digitally signed by P. Bradley Murray
Date: 2023.10.19 12:18:53 -05'00'

UNITED STATES MAGISTRATE JUDGE