IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 23-00169-TFM |
| | * | |
| JOHN FITZGERALD McCARROLL, JR., | * | |
|     aka "JUVIE," aka "LJ," | * | |
| DARRIUS DWAYNE ROWSER, | * | |
|     aka "DARRIUS RIPLEMON," and | * | |
| LYTERIA ISHEEIA HOLLIS, | * | |
|     aka "TERIA HOLLIS," | * | |
|     aka "TERIA McCARROLL" | * | |

### UNITED STATES' TRIAL BRIEF

The United States, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, respectfully files this trial brief in the above-captioned case. The trial of defendants John Fitzgerald McCarroll, Jr., aka "Juvie," aka "LJ" ("McCarroll"), Darrius Dwayne Rowser, aka "Darrius Riplemon" ("Rowser"), and Lyteria Isheeia Hollis, aka "Teria Hollis," aka "Teria McCarroll" ("Hollis") is set to commence on October 7, 2024. To minimize delay during trial, the United States has briefed several legal issues that may arise during trial.

### FACTS[1]

The United States has summarized many of the facts underlying this case in prior filings with the Court, to which the United States respectfully directs the Court's attention. *See, e.g.*, Docs. 188 (response to McCarroll's pretrial motions); 235 (response to Rowser's and Hollis's pretrial motions); 280 (response to Hollis's motions *in limine*); and 289 (response to Rowser's

---

[1] The proffered facts are allegations only and do not set forth every fact that the United States anticipates presenting at trial.

1

motions *in limine*). Accordingly, the United States will not belabor those facts in this trial brief, but rather, will discuss relevant facts as appropriate in the discussion section below.

## DISCUSSION

### A.  General Legal Analysis

#### 1.  Count One – conspiracy to commit murder for hire (18 U.S.C. § 1958)

To establish a conspiracy to commit murder for hire in violation of 18 U.S.C. § 1958, the United States must prove the following elements beyond a reasonable doubt:

1) Two or more people in some way agreed to try to accomplish a shared and unlawful plan, the object of which was to commit murder for hire; and

2) The defendants knew the unlawful purpose of the plan and willfully joined in it.

Doc. 327, PageID.1395–98 (citing authorities).

The statute criminalizing conspiracy to commit murder for hire does not include language requiring proof of an overt act. *See* 18 U.S.C. § 1958. Accordingly, the United States does not have to prove an overt act to establish a conspiracy under § 1958. *See Whitfield* v. *United States*, 543 U.S. 209, 214–15 (2005) ("Because the text of § 1956(h) does not expressly make the commission of an overt act an element of the conspiracy offense, the Government need not prove an overt act to obtain a conviction."); *see also* Pattern Crim. Jury Instr. 11th Cir. OI O13.1 cmt. (Apr. 2024) (explaining that no over act element should be included for conspiracy statutes, like § 1958(a), that do not expressly contain an overt act requirement). Although the Eleventh Circuit previously has held in the context of § 1958(a) that an overt act is an element of conspiracy to commit murder for hire, *see United States* v. *Hernandez*, 141 F.3d 1042, 1053 (11th Cir. 1998), that case predates and has been abrogated by *Whitfield*. *See United States* v. *Covington*, 2007 WL 9724873, at *5 n.8 (M.D. Fla. Dec. 21, 2007) ("The requirement in *Hernandez* that an overt act be proven has been seemingly abrogated by implication by *Whitfield* v. *United States*, 543 U.S. 209,

214–215 (2005).")"). Post-*Whitfield* cases in the Eleventh Circuit have reaffirmed the Supreme Court's holding that overt acts are not elements of crimes if not expressly provided by statute. *See, e.g.*, *United States* v. *Feldman*, 931 F.3d 1245, 1258 (11th Cir. 2019) ("A conspiracy charge under section 1349 does not require the commission of an overt act.").

A defendant's involvement in a conspiracy may be proven by direct evidence and also by circumstantial evidence. *United States* v. *Ramsdale*, 61 F.3d 825, 829 (11th Cir. 1995) ("Participation in a criminal conspiracy need not be proved by direct evidence; rather, a common purpose and plan may be inferred from a 'development and collocation of circumstances.'"); *United States* v. *Toler*, 144 F.3d 1423, 1426 (11th Cir. 1998) (noting that the United States "need not demonstrate the existence of a 'formal agreement'"). "A conspiracy conviction will be upheld when the circumstances surrounding a person's presence at the scene of conspiratorial activity are so obvious that knowledge of its character can fairly be attributed to him." *United States* v. *Delva*, 922 F.3d 1228, 1246 (11th Cir. 2019) (quoting *United States* v. *Garcia*, 447 F.3d 1327, 1338 (11th Cir. 2006)). Eleventh Circuit law "prevents a defendant from raising withdrawal [as a defense] under a conspiracy statute that does not require proof of an overt act . . . ." Pattern Crim. Jury Instr. 11th Cir. OI O13.4 (Mar. 2022) cmt. (citing *United States* v. *Marolla*, 766 F.2d 457 (11th Cir. 1985)).

### 2. Conspiracy – general principles

"[E]very conspiracy is by its very nature secret; a case can hardly be supposed where men concert together for crime and advertise their purpose to the world." *United States* v. *Magluta*, 418 F.3d 1166, 1179 (11th Cir. 2005) (alteration in original) (quoting *Grunewald* v. *United States*, 353 U.S. 391, 402 (1957)). In other words, due to the nature of a criminal conspiracy, "there is rarely any direct evidence of any agreement to join a conspiracy, and thus, the defendant's assent can be inferred from acts that furthered the conspiracy's purpose." *United States* v. *Brenson*,

104 F.3d 1267, 1282 (11th Cir. 1997) (citing *United States* v. *Miller*, 693 F.2d 1051, 1053 (11th Cir. 1982)); *United States* v. *Hernandez*, 921 F.2d 1569, 1575 (11th Cir. 1991) (noting "secrecy is an essential element of conspiracy"). "The existence of a conspiratorial agreement may be established through either direct or circumstantial evidence, such as inferences from the conduct of the alleged participants." *Brenson*, 104 F.3d at 1282 (quoting *United States* v. *Farris*, 77 F.3d 391, 394 (11th Cir. 1996)); *United States* v. *Guerra*, 293 F.3d 1279, 1285 (11th Cir. 2002) (describing "concert of action" as sufficient to prove a conspiracy); *United States* v. *Hansen*, 262 F.3d 1217, 1246 (11th Cir. 2001) (noting that a conspiracy "may be inferred from the conduct of the participants or from other circumstances" beyond the acts of the coconspirators).

Coconspirators are vicariously liable for the criminal acts of each other that are committed "during the course and in furtherance of the conspiracy, notwithstanding the party's non-participation in the offenses or lack of knowledge thereof." *Hansen*, 262 F.3d at 1246 (citing, *e.g.*, *Pinkerton* v. *United States*, 328 U.S. 640, 646–47 (1946)); *United States* v. *Silvestri*, 409 F.3d 1311, 1335–36 (11th Cir. 2005) ("Under well established Eleventh Circuit precedent conspirators are liable for *all of the acts and foreseeable consequences* of the conspiracy." (emphasis in original)). Similarly, the United States need not "prove that each conspirator participated in all aspects of a conspiracy, knew each phase or every detail of the conspiracy, or knew all of the participants." *Hansen*, 262 F.3d at 1247. Rather, the United States only must show that the conspirator knew of the "general purpose of the agreement." *United States* v. *Suba*, 132 F.3d 662, 672 (11th Cir. 1998). As noted above, the United States also does not need to show a "formal agreement" to prove a conspiracy. *United States* v. *Gold*, 743 F.2d 800, 824 (11th Cir. 1984); *United States* v. *Clark*, 139 F.3d 485, 489 (5th Cir. 1998) ("[A] tacit understanding is sufficient.").

The United States meets its burden to prove criminal liability if it shows that the conspirator "participate[d] in some affirmative conduct designed to aid the success of the venture with knowledge that [his or her] actions would further the venture." *Hansen*, 262 F.3d at 1247. Similarly, a defendant may be convicted even if she joined after the conspiracy began and played only a minor role in it. *Id.* Additionally, the United States does not have to show "direct contact" between the coconspirators. *Guerra*, 293 F.3d at 1286. "It is well settled that an accused conspirator's participation in a criminal conspiracy is presumed to continue until all the objects of the conspiracy have been accomplished or until the last overt act is committed by any of the conspirators." *United States* v. *Flinestone*, 816 F.2d 583, 589 (11th Cir. 1987).

### 3.     Counts Two and Five – murder for hire (18 U.S.C. § 1958(a))

To prove murder for hire in violation of 18 U.S.C. § 1958(a), the United States must prove the following elements beyond a reasonable doubt:

1) The defendant traveled in or cause another to travel in interstate or foreign commerce, or used, or caused another use, any facility of interstate or foreign commerce;

2) The travel or use of the facility of interstate or foreign commerce was done with the intent that a murder be committed in violation of the laws of any State or the United States; and

3) The murder was to be committed as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value.

Doc. 327, PageID.1399–1400, 1405–06 (citing authorities).

The United States need not prove that any particular communication using a facility of interstate commerce actually crossed a state line. *See United States* v. *Drury*, 396 F.3d 1303, 1310–11 (11th Cir. 2005) (holding that "a purely intrastate use of a facility of interstate commerce (the telephone) satisfies the jurisdictional requirement of § 1958(a)"). Moreover, the United States need not prove—and the Court should not instruct the jury about—any elements regarding

Alabama or Mississippi state murder laws. *See United States* v. *Buselli*, 106 F.4th 1273, 1282–88 (11th Cir. 2024) (holding that jury in a federal murder-for-hire case should not receive detailed instructions regarding state murder laws because "the statutory text of § 1958(a) does not require that a person be charged and convicted of murder under state law or even that a murder actually happened," but rather, "the federal statute only requires that the person intend that a murder be committed"). It is sufficient that the Court instruct the jury that murder, the unlawful premeditated killing of a human being with malice aforethought, is against the laws of the State of Alabama and Mississippi, and the Court need not go further. *Id.* at 1279.

    **4.**    **Count Three – conspiracy to commit carjacking (18 U.S.C. § 371)**

To prove conspiracy to commit carjacking in violation of 18 U.S.C. § 371, the United States must prove the following elements beyond a reasonable doubt:

1) Two or more persons in some way agreed to try to accomplish a shared and unlawful plan to commit carjacking;

2) The defendant knew the unlawful purpose of the plan and willfully joined in it;

3) During the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the superseding indictment; and

4) The overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

Doc. 327, PageID.1401–03 (citing authorities).

    **5.**    **Count Four – interstate transportation of a stolen vehicle (18 U.S.C. § 2312)**

To prove interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312, the United States must prove the following elements beyond a reasonable doubt:

1) The defendant transported a stolen vehicle in interstate commerce; and

2) The defendant knew the vehicle had been stolen.

Doc. 327, PageID.1404 (citing authorities).

### 6. Count Six – tampering with evidence (18 U.S.C. § 1512(c)(1))

To prove tampering with evidence in violation of 18 U.S.C. § 1512(c)(1), the United States must prove the following elements beyond a reasonable doubt:

1) The defendants attempted to conceal an object, namely, a firearm, as alleged in the superseding indictment;

2) The defendants acted knowingly;

3) The defendants acted corruptly; and

4) The defendants acted with the intent to impair the object's integrity or availability for use in an official proceeding.

Doc. 327, PageID.1407 (citing authorities).

The United States need not prove that the official proceeding was pending at the time of the alleged obstruction; rather, the United States must show only that the defendants knew or reasonably could foresee that the proceeding would occur. *United States* v. *Friske*, 640 F.3d 1288, 1292–93 (11th Cir. 2011) (explaining that a person acts "corruptly" by acting "with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct [an official proceeding]").

### 7. Count Seven – tampering with a witness / obstruction of justice (18 U.S.C. § 1512(c)(2))

To prove tampering with a witness / obstruction of justice in violation of 18 U.S.C. § 1512(c)(2), the United States must prove the following elements beyond a reasonable doubt:

1) The defendants attempted to obstruct, influence, or impede an official proceeding by seeking to persuade Reginald Dennis Alan Fluker, aka "Richie Mill," to provide false information relating to the crimes charged in Counts One and Two of the superseding indictment; and

2) The defendants acted corruptly.

Doc. 327, PageID.1408 (citing authorities).

7

The Supreme Court recently held that a defendant may violate § 1512(c)(2) "by creating false evidence," as alleged in Count Seven of the superseding indictment. *Fischer* v. *United States*, 603 U.S. ----, 144 S. Ct. 2176, 2186 (2024). The Eleventh Circuit does not have a pattern instruction applicable to 18 U.S.C. § 1512(c)(2), so the United States proposes that the Court apply the Seventh Circuit's pattern instruction regarding this crime. *See* Fed. Crim. Jury Instr. 7th Cir. § 1512(c)(2) (2023 ed.). Alternatively, the Eleventh Circuit also stated the elements of a § 1512(c)(2) violation in *Friske*. 640 F.3d at 1291 (quoting *United States* v. *Mintmire*, 507 F.3d 1273, 1289 (11th Cir. 2007)).

The Eleventh Circuit's witness-tampering offense instruction, O59.2, does not apply because it pertains to a different crime altogether—*i.e.*, 18 U.S.C. § 1512(b)(1) (tampering by means of intimidation, physical force, and/or threats). Instructing the jury as to the elements of § 1512(b)(1) under offense instruction O59.2, rather than providing an instruction applicable to § 1512(c)(2), would be a constructive amendment of the superseding indictment and would constitute *per se* reversible error. *United States* v. *Feldman*, 931 F.3d 1245, 1260 (11th Cir. 2019) ("The constructive amendment of an indictment occurs when the essential elements of the offense contained in the indictment are altered—for instance, by a faulty jury instruction—to broaden the possible bases for conviction beyond what is contained in the indictment. An error of this magnitude is *per se* reversible because it violates the defendant's constitutional right to be tried solely on the charges returned by the grand jury." (citations omitted)).

### 8. Aiding and abetting

As to each count of the superseding indictment, the defendants are charged with aiding and abetting one another under 18 U.S.C. § 2. The Eleventh Circuit has described aiding and abetting as follows:

> Under 18 U.S.C. § 2, aiding and abetting is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense.
>
> Under an aiding and abetting theory, the government must prove that the defendant in some way associated himself with the criminal venture, that he wished to bring it about, and that he sought by his actions to make it succeed. Thus, to convict under a theory of aiding and abetting, the government must prove that (1) someone committed the substantive offense; (2) the defendant contributed to and furthered the offense; and (3) the defendant intended to aid in its commission. Put simply, a person is liable under § 2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission.
>
> Evidence supporting a defendant's conviction under an aiding and abetting theory may be direct or circumstantial. A defendant can be properly convicted of aiding and abetting even when he has not personally committed all the acts constituting the elements of the substantive crime aided.

*United States* v. *Sosa*, 777 F.3d 1279, 1292–93 (11th Cir. 2015) (citations omitted).

### B. Evidentiary Issues

### 1. Intrinsic evidence

The United States intends to present evidence of multiple acts committed by the defendants and others throughout the multi-year period alleged in the superseding indictment. This evidence is intrinsic to the charged conspiracy. As the Eleventh Circuit has explained, evidence is intrinsic if it pertains to "the chain of events explaining the context, motive and set-up of the crime," and "is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States* v. *McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). Such evidence

falls outside the scope of Rule 404(b) and is admissible if it is (1) an uncharged offense or act that arose out of the same transaction or series of transactions as the charged offense; (2) necessary to complete the story of the crime; or (3) inextricably intertwined with the evidence regarding the charged offense. *United States* v. *Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013) (quoting *United States* v. *Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007)); *see also United States* v. *Stabler*, 2024 WL 4357916, at *3 (11th Cir. Oct. 1, 2024) (unpublished) (same). "Evidence is inextricably intertwined if it is an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *Troya*, 733 F.3d at 1131 (quoting *United States* v. *Foster*, 889 F.2d 1049, 1053 (11th Cir. 1989)). Intrinsic evidence is subject to Rule 403 analysis, but under that rule, the Eleventh Circuit has instructed district courts to strike the balance "in favor of admissibility." *Id.* at 1132.

### 2.     Party-opponent admissions (Rule 801(d)(2)(A))

The United States intends to offer into evidence numerous statements that McCarroll, Rowser, and Hollis made at various times during the alleged conspiracy—including but not limited to statements in post-*Miranda* interviews and in messages and other data obtained from cell phones and social media accounts—as non-hearsay party-opponent admissions under Federal Rule of Evidence 801(d)(2)(A). The Eleventh Circuit and other courts have upheld the admission of such evidence under this rule. *See, e.g.*, *United States* v. *Williams*, 760 F. App'x 959, 965 (11th Cir. 2019) (unpublished) (admitting defendant's text messages as party-opponent admissions where evidence showed defendant "possessed and used the cellphone"); *United States* v. *Moore*, 611 F. App'x 572, 577 (11th Cir. 2015) (unpublished) (upholding admission of defendant's text messages as prior party admissions under Rule 801(d)(2)(A)); *United States* v. *Munoz*, 16 F.3d 1116, 1120 (11th Cir. 1994) ("[A] statement is not hearsay if it is the statement of the party against whom it is admitted."); *United States* v. *Ramirez-Martinez*, 6 F.4th 849, 966 (8th Cir. 2021) (upholding

admission of "messages sent and received" by defendant under Rule 801(d)(2)(A) where evidence "sufficiently identified [defendant] as the user of" a phone number); *United States* v. *Turner*, 934 F.3d 794, 798 (8th Cir. 2019) (holding that defendant's text messages contained "statements by an opposing party, which means they are not hearsay," and that photographs were "images, not statements, so they too are not hearsay"); *United States* v. *Allison*, 908 F.2d 1531, 1534 (11th Cir. 1990) (upholding statements made by co-conspirator to witness who testified about those statements at trial admissible under Rule 801(d)(2)(A)); *United States* v. *Stafford*, 143 F. App'x. 531, 533 (4th Cir. 2005) (unpublished) (holding that defendant's statements to testifying co-conspirator "were his own statements" and thus admissible under Rule 802(d)(2)(A)); *United States* v. *Dadamuratov*, 340 F. App'x 540, 547 (11th Cir. 2009) (unpublished) (upholding admissibility of transcript reflecting defendant's interview with investigating officer because defendant's statements in the transcript were admissions by a party-opponent).

Portions of the recorded interviews of the defendants include statements made by government agents, as well as the defendants' own statements about what other persons said. Those statements likewise are not hearsay and are admissible because the United States will not offer them for their truth, but rather, to put the defendants' relevant Rule 801(d)(2)(A) admissions in context. *United States* v. *Cooper*, 926 F.3d 718, 732 (11th Cir. 2019) (citing *United States* v. *Price*, 792 F.2d 994, 996 (11th Cir. 1986)).

### 3.   Coconspirator statements (Rule 801(d)(2)(E))

The United States also intends to offer evidence—including evidence extracted from electronic devices and social media accounts of the defendants and statements coconspirators, one or more whom may testify at trial—as non-hearsay coconspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E). Admission of a coconspirator statement does not violate the Confrontation Clause because the statement is nontestimonial by its very nature. *United States* v.

*Underwood*, 446 F.3d 1340, 1346–47 (11th Cir. 2006); *United States* v. *Inadi*, 475 U.S. 387, 394–96 (1986) (determining that admission of coconspirator statements furthers the Confrontation Clause's purpose to advance the truth-determining process in criminal trials).

In *Magluta*, the Eleventh Circuit set forth the standard for determining the admissibility of coconspirator statements as follows:

> For evidence to be admissible under Rule 801(d)(2)(E), the government must prove by a preponderance of the evidence these things: (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the statement was made during the course and in furtherance of the conspiracy. In determining the admissibility of co-conspirator statements, the trial court may consider both the co-conspirator's statements and independent external evidence.

418 F.3d at 1177–78. The Eleventh Circuit employs a "liberal standard" in determining whether a statement is made in furtherance of a conspiracy. *United States* v. *Beale*, 921 F.2d 1412, 1422 (11th Cir. 1991) (citing Fed. R. Evid. 801(d)(2)(E)). Moreover, "[t]he statement need not be necessary to the conspiracy, but must only further the interests of the conspiracy in some way." *Beale*, 921 F.2d at 1422.

### 4.     *Bruton* v. *United States*, 391 U.S. 123 (1968)

The rule espoused in *Bruton* v. *United States*, 391 U.S. 123 (1968), will not apply to any statements the United States intends to admit at trial in this case. That is because, as the Eleventh Circuit has held, "[f]or *Bruton* to apply, a codefendant's statement must be clearly inculpatory standing alone," rather than "only when linked with evidence introduced later at trial." *United States* v. *Arias*, 984 F.2d 1139, 1142 (11th Cir. 1993) (alteration in original). The party-opponent and coconspirator statements in the United States' evidence do not violate *Bruton*. *See id.* ("Since *Bruton*, the Supreme Court has cautioned against blind application of the *Bruton* rule: 'The Confrontation Clause has never been held to bar the admission into evidence of every relevant

extrajudicial statement made by a nontestifying declarant simply because it in some way incriminates the defendant.'" (quoting *Parker* v. *Randolph*, 442 U.S. 62, 73 (1979))).

### 5. Transcripts

The United States intends to offer transcripts of certain recordings, which are admissible in evidence as a supplement to a recorded conversation to aid the jury in understanding the recordings and identifying the speakers. *United States* v. *Costa*, 691 F.2d 1358, 1362–63 (11th Cir. 1982). To the extent that the defendants contest the accuracy of the transcripts, they "may put on evidence supporting the accuracy of [their] version or challenging the accuracy of [the United States'] version." *United States* v. *Tercier*, 835 F. App'x 471, 482 (11th Cir. 2020) (unpublished) (quoting *United States* v. *Wilson*, 578 F.2d 67, 69–70 (5th Cir. 1978)).

The Court does not have to "find that the transcript is perfectly accurate prior to its admission, and a defendant's remedy for alleged inaccuracies is to offer [his or her] own transcript with proof as to why it is the better one." *United States* v. *Hogan*, 986 F.2d 1364, 1376 (11th Cir. 1993). The United States will request that the Court provide the jury with Eleventh Circuit Pattern Jury Instruction TI T3 (Apr. 2024) prior to the admission of any transcript.

### 6. Playing portions of recordings and introducing portions of documents, phone data, and social media content (rule of completeness)

The United States may choose to publish portions of recordings, messages, or other evidence in certain instances without playing an entire recording or presenting an entire chain of messages. This is a permissible practice, and in order for the defense to require the entire recording or set of messages be published, the defense must establish a basis to show that the additional portions are relevant and necessary to explain, qualify, or provide context for the published portions. *United States* v. *Simms*, 385 F.3d 1347, 1359 (11th Cir. 2004) (construing the rule of completeness set forth in Fed. R. Evid. 106); *United States* v. *Myers*, 972 F.2d 1566, 1575–76

13

(11th Cir. 1992); *see also United States* v. *Ramirez*, 658 F. App'x 949, 953 (11th Cir. 2016) (unpublished) (rejecting rule-of-completeness objection to admission of portions of defendant's text messages).

### 7.     Authenticity generally (Rule 901)

The requirement of authenticity under Federal Rule of Evidence 901(a) is "generally 'satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *United States* v. *Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1990) ("There need be only some competent evidence in the record to support authentication, which can consist of merely circumstantial evidence."). Stated differently, the Eleventh Circuit has determined:

> Authentication or identification under Rule 901 merely involves the process of presenting sufficient evidence to make out a *prima facie* case that the proffered evidence is what it purports to be. Once that *prima facie* showing has been made, the evidence should be admitted, although it remains for the trier of fact to appraise whether the proffered evidence is in fact what it purports to be.

*United States* v. *Caldwell*, 776 F.2d 989, 1001–02 (11th Cir. 1985) (finding district court committed error in not receiving documents where *prima facie* foundation had been laid). While the defense may speculate that someone tampered with a document, that is not a basis to remove the document, which is a threshold issue, from the jury's consideration. *United States* v. *Tann*, 425 F. Supp. 2d 26, 36 (D.D.C. 2006); *United States* v. *Daughtry*, 502 F.2d 1019, 1022 n.3 (5th Cir. 1974) ("[T]he mere fact that it is conceivable that tampering has occurred is not sufficient to require the exclusion of the evidence.").

Documents may also be authenticated by circumstantial evidence. *United States* v. *Caldwell*, 776 F.2d 989, 1002 (11th Cir. 1985). Accordingly, the United States does not need to prove the "specific identity of the author" of an offered document for the document to be admissible. *United States* v. *Smith*, 918 F.2d 1501, 1510 (11th Cir. 1990) (finding drug ledger admissible based on other circumstances even though its author was not identified); *United States*

v. *Koziy*, 728 F.2d 1314, 1321 (11th Cir. 1984) (admission of documents was proper where one expert witness testified that the documents were similar to other genuine documents of that type which he had seen and another expert testified that the documents were not executed after a certain date). Showing that a party controlled, kept, or had access to certain documents can establish those items' authenticity. *See Ramirez*, 6 F.4th at 866 (finding sufficient authentication of text messages where evidence proved defendant was "user" of given phone number); *Ramirez*, 658 F. App'x at 952 (finding sufficient authentication of text messages where, among other things, phone was subscribed to defendant); *United States* v. *Carr*, 607 F. App'x 869, 876 (11th Cir. 2015) (unpublished) (describing burden to authenticate text messages as "not an onerous one"); *Munoz*, 16 F.3d at 1121 ("[Defendant's] keeping of these documents is a strong indication of their authenticity."); *see also United States* v. *American Radiator & Standard Sanitary Corp.*, 433 F.2d 174, 192 (3d Cir. 1970) (evidence of location where notes were found and lay identification of handwriting constituted sufficient evidence of the notes' author to authenticate them for admission).

As for audio recordings introduced at trial, "the government must establish that it is an 'accurate reproduction of relevant sounds previously audited by a witness.'" *United States* v. *Singleton*, 455 F. App'x. 914, 916 (11th Cir. 2012) (citing *United States* v. *Biggins*, 551 F.2d 64, 66 (5th Cir. 1977)). Furthermore, the speaker's voice may be identified by opinion testimony "based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." *Id*. at 917 (citing Fed. R. Evid. 901(b)(5)); *United States* v. *Albert*, 595 F.2d 283, 290 (5th Cir. 1979) (rejecting authenticity challenge to admissibility of audio tape); *United States* v. *Duncan*, 166 F. App'x. 464, 467 (11th Cir. 2006) (admitting tape recordings of defendant where agent was able to identify defendant's voice based on interviews during the investigation);

*United States* v. *Riley*, 2010 WL 1999468, at *3 (M.D. Fla. May 18, 2010) (admitting jail calls where agent personally spoke with defendant and could make proper voice identification on jail calls); *see also Brown* v. *City of Hialeah*, 30 F.3d 1433, 1437 (11th Cir. 1994) ("Once a witness establishes familiarity with an identified voice, it is up to the jury to determine the weight to place on the witness's voice identification.").

## CONCLUSION

The United States expects that one or more of the legal and evidentiary issues outlined in this trial brief may manifest at trial. Accordingly, this trial brief is filed to preempt the need for briefing delays.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By:

*/s/ Justin D. Roller*
Justin D. Roller
S. Gaillard Ladd
Assistant United States Attorneys
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama  36602
(251) 441-5845
justin.roller@usdoj.gov
gaillard.ladd@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record for the defendants.

*/s/ Justin D. Roller*
Justin D. Roller
S. Gaillard Ladd
Assistant United States Attorneys
