IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | CASE NO.: CR-23-169 |
| JOHN FITZGERALD MCCARROLL, | * | |
| Defendant. | | |

### BRIEF ON ISSUE OF COMPELLING TESTIMONY OF WITNESSES AND FIFTH AMENDMENT INTERRELATED ISSUE

COMES NOW, the undersigned, and submits this brief in accordance with this Honorable Court's oral Order of October 22, 2024. The Brief is being submitted in support of the contention that Barris Morris, Jr. (whose attendance has been compelled by writ and is in the custody of the United States Marshals) regarding his plea to the murder of Ryan Campbell. This evidence is not sought to impeach Mr. Morris but to contradict the Government's theory that Milton Carter took out a hit on Ryan Campbell and that this case is the result of retribution for that act. Baron Morris is expected to testify that Milton Carter had nothing to do with the death of Ryan Campbell and that Ryan Campbell was killed as a result of a robbery.

The Fifth Amendment privilege is based, obviously, on the Fifth Amendment to the Constitution of the United States of America. The privilege is extremely well-founded in United States jurisprudence. However, the Fifth Amendment is not absolute. Once a person has been convicted and sentenced their Fifth Amendment protection against self-incrimination for that particular crime generally no longer applies. The reason is after

sentencing, there is no risk of being prosecuted for the same crime due to the constitutional protection against double jeopardy. Therefore, the courts can compel the person to testify about the crime. In *Mitchell v. United States* 526 U.S. 314 (1999) the Supreme Court confirmed that the Fifth Amendment protects individuals up until the point of sentencing. After sentencing, the risk of self-incrimination diminishes, and courts may compel testimony related to the crime for which the person has already been convicted. However, if the testimony could potentially implicate the witness in a new or unrelated criminal activity, then they still may invoke the Fifth Amendment, and the court would need to assess the validity of that claim. Dispositively *Mitchell* stated "it is true as a general rule that where there can be no further incrimination, there is no basis for the assertion of the privilege. We conclude that principle applies to cases in which the sentence has been fixed and the judgment of conviction has become final" See *Mitchell v. United States* 526 U.S. 314 (1999) (attached).

    Baron Morris has pled guilty to the murder of Ryan Campbell, and he has been sentenced. His time to appeal has run (See attached certified records of Baron Morris Jr.). Mr. Morris's threat against self-incrimination is non-existent given that the case in which the undersigned intends to inquire about is over and his time to appeal has run. Even if the court believes that there is some risk of incrimination to Mr. Morris based on his testimony, this Honorable Court could and should grant Mr. Morris limited immunity to testify in this case and that testimony could not be held against him, *Kastigar v. United States* 406 U.S. 441 (1972) (attached).

If the Fifth Amendment privilege no longer applies or if the court grants immunity regarding same *Hoffman v. United States* 341 U.S. 479 (1951) clearly holds that a witness could refuse to answer questions on the stand only if they had a reasonable belief that their testimony could lead to criminal prosecution. In that case, the Supreme Court held that if the court determines that the risk of prosecution does not exist, for example after sentencing or under immunity, the witness can be compelled to testify. American jurisprudence is clear that Morris's Fifth Amendment privilege no longer applies, or if it does, he could be granted immunity by this Honorable Court. Further, given that he can be compelled to testify by this court just as his attendance has been compelled.

WHEREFORE, premises considered, the undersigned respectfully moves this Honorable Court to compel the testimony of Mr. Morris and if there is some threat to his Fifth Amendment rights being treaded upon the Court grant him some form of immunity to protect him from that. John McCarroll's interest and right to put on a defense is in jeopardy in the absence of Mr. Morris's testimony.

        Respectfully submitted,

        */s/ S. Joshua Briskman*
        S. JOSHUA BRISKMAN (BRISS5912)
        Attorney for Defendant

OF COUNSEL:

BRISKMAN LAW FIRM, LLC
150 Government Street, Suite 1004
Mobile, Alabama 36602
T: 251-486-12987600
jbriskman@briskmanlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that I have on this the 23rd day of October 2024 electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification to all parties to this proceeding.

*/s/ S. Joshua Briskman*
S. JOSHUA BRISKMAN